# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AZEVEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. GILL, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00163-SAB-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff Azevedo is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Pending before the Court is Plaintiff's October 21, 2015, first amended complaint.

## I.

## COMPLAINT

This action proceeds on the October 21, 2015, first amended complaint, filed in response to the September 24, 2015, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Sacramento, brings this action against correctional officials employed by the CDCR at CSP Corcoran, where the events at issue

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 13, 2015. (ECF No. 6)

occurred. Plaintiff names as defendants the following individuals: Dr. R. Gill; T. Macias; K. Aye; O. Beregovskaya; E. Clark; J. Wang; C. McCabe; J. Moon; H. Nguyen; P. Rouch; J. Yu; J. Sao; C. Sisodia; W. Ulit; Licensed Vocational Nurse (LVN) Huntington; Registered Nurse (RN) Barrera. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

In the original complaint, Plaintiff alleged he had surgery on July 11, 2013. Two days later he was placed in a dirty cell. Plaintiff was subsequently readmitted to San Joaquin Community Hospital and received intravenous antibiotics. The week before his hospital readmission, the wound from his six surgical staples was draining profusely and he received no follow-up treatment for the wound, which was infected. Plaintiff was finally seen by a physician when he collapsed from nerve obstruction caused by swelling of his infected wound.

## II.

## ANALYSIS

### A. Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. An infected wound of the magnitude described by Plaintiff

2

1  constitutes a serious medical need. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014);
2  accord Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lopez v. Smith, 203 F.3d
3  1122, 1131 (2000).

4        In applying this standard, the Ninth Circuit has held that before it can be said that a
5  prisoner's civil rights have been abridged, "the indifference to his medical needs must be
6  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
7  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing
8  Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing
9  or treating a medical condition does not state a valid claim of medical mistreatment under the
10 Eighth Amendment. Medical malpractice does not become a constitutional violation merely
11 because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,
12 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate
13 indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
14 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not
15 support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

16       In the order dismissing the original complaint, Plaintiff was advised this his allegations
17 failed to demonstrate that any of the Defendants acted with deliberate indifference toward his
18 serious medical needs. Plaintiff was advised that he must allege facts that demonstrate first that
19 the risk was obvious or that Defendants were aware of the substantial risk to his health, and that
20 there was no reasonable justification for exposing him to that risk. Thomas v. Ponder, 611 F.3d
21 1144, 1150 (9th Cir. 2010). There must be some causal connection between the actions or
22 omissions of each named defendant and the violation at issue; liability may not be imposed under
23 a theory of respondeat superior. Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir.
24 2012); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). The Court noted that Plaintiff's
25 original complaint was devoid of any facts supporting a claim that the seventeen named
26 defendants knowingly disregarded a serious risk of harm to his health, and he therefore failed to
27 state a claim for relief. (ECF No. 7, 4:12-3.)

28       In the first amended complaint, Plaintiff fails to cure the deficiencies identified by the

Court in the order dismissing the original complaint. Plaintiff names five of the original defendants: Dr. Gill; Chief Medical Officer Wang; Dr. Clark; Dr. Beregovskaya; Dr. Kim. Plaintiff does not, however, link any of these individuals with specific conduct that constitutes deliberate indifference. Plaintiff alleges generally that all the defendants "violated his right to follow-up medical treatment after major surgery that resulted in wound infection because none of the defendants treated petitioner's surgical wound upon his release to their custody, all defendants let wound fester for 1 week without bandage changes, dressing, or cleansing." (Am. Compl. p. 3.)   Plaintiff alleges that after a week, he had no medical intervention by any of the Defendants.

In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. A generalized allegation that Plaintiff did not receive follow-up care is insufficient to state a claim for relief. Plaintiff must allege facts indicating that each of the Defendants were personally aware of Plaintiff's condition, and acted with deliberate indifference. Plaintiff has failed to do so here. The first amended complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file a second amended complaint.

**B. Supervisory Liability**

Plaintiff names as a Defendant Chief Medical Officer Dr. Wang. Plaintiff is advised that government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must link Dr. Wang with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. He has failed to do so here.

## III.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's October 21, 2015, first amended complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file a second amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed October 21, 2015, is dismissed for failure state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to

failure to obey a court order.

IT IS SO ORDERED.

Dated: **January 19, 2016**

UNITED STATES MAGISTRATE JUDGE